Green, J.
delivered the opinion of the court.
Upon this bill, the first question is, whether in order to entitle the complainant to have a decree that the notes for three hundred dollars and forty-one dollars be delivered up and cancelled, it is indispensable that John Walker be made a party.' The court below thought it was, and we concur in that opinion. The bill states, that the notes belong to John Walker, that they were delivered to the defendant, for the purpose of making a settlement with the complainant, and the consequence is, that if they should not, upon investigation, turn- out to have been fully discharged, any balance that may be due to them, is due to John Walker. The question, whether the complain *240 ant is entitled to have them delivered up, depends upon proof of their payment in full; therefore the allegations in the bill, involve a litigation with Smith, whether the complainant has paid these notes to John Walker; and it is sought upon proof of that fact, in a suit in which, John Walker is no party, to have a decree that they be can-celled. It is easy to see that John Walker’s interest is directly involved, and that the decree would be in fact against him. But as he could not be affected by a decree, in a'cause to which he is not a party, if such decree were made, he could still sue upon these notes, and if the complainant could not prove in those suits that he had fully paid said notes, John Walker could recover any balance, due to him, notwithstanding the decree now sought-But if' the notes were not assigned by Smith to John Walker, the objection to a decree in this case, would be still stronger. In that case, he could only sue in the name of Smith, and the decree might greatly embarrass the recovery of any balance he might claim to be due; and so his interest would he directly affected by such decree. From these considerations, we- think it is clear,that-John Walker is a necessary party, without whom the complainant cannot proceed in his cause.
2. The remaining question is, whether this court has juiisdiction to relieve the complainant, on account of his failure to get a credit for the fifty-five dollar receipt.
This receipt, specifying on its face, that the money was to be applied to the notes John Walker held on complainant, was not evidence of a payment of that sum on the eight hundred dollar note, which was retained by Smith, and was therefore properly rejected. But the complainant might have had the benefit of it upon the plea, or notice of set off, or he might have recovered the amount in an action against Smith, so that he had legal remedies, unembarrassed and adequate, to which he should have resorted, and therefore this court has no jurisdiction.
*241 It is insisted, however, that the statute of limitations ,11,1 • • • , would have been a bar to a recovery m an action against Smith, or to its allowance as an off set. The answer is, that the statute of limitations can be no more resisted or obviated in a court of equity than in a court of law, in those »cases, which if prosecuted at law, it would be a bar. The complainant’s solicitor is mistaken, in supposing that when a purely legal demand has been barred by the lapse of time, a court of equity has power, on account of any supposed iniquity to enjoin the party from insisting on the statute of .limitations, in any action which may be brought at law for its recovery. It is true that in some cases, courts of equity have, in dismissing a hill for want of jurisdiction, on account of the legal character of the demand, enjoined the defendant from relying on the time that elapsed during the pendency of the bill, as a defence to an action which might be brought at law. Even this is not sanctioned by principle; but no case, it is presumed, ever occurred, when, before the filing of the bill, time had /formed the bar, a court of chancery decreed that a defendant should be enjoined from relying on the statute of limitations. The assumption of: such a power would be setting the court of chancery above the legislature, and cause creation of exceptions, at the discretion of the court, which the statute has not made.
In neither branch of this case, is the complainant entitled to relief; the decree of the court below will therefore be affirmed.
Decree affirmed.